```
                                          FILED
                               CLERK, U.S. DISTRICT COURT

                                       JUN - 3 2014

                               CENTRAL DISTRICT OF CALIFORNIA
                               EASTERN DIVISION    BY DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE MANHART,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>LERA SIMMONS, et al.,<br><br>　　　　　　Defendants. | Case No. CV 14-3901-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING<br>IMPROPERLY-REMOVED ACTION |

　　　The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

　　　On May 21, 2014, defendant Reshan Coleman, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice of Removal of that action to this Court, and also presented an application to proceed in forma pauperis.  The Court has denied the latter application under separate cover because the action was not properly removed.  To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

　　　The Court notes that this is not the first time defendant Reshan Coleman or co-defendant Lera Simmons has sought to remove the underlying action to this

Court. Defendants previously tried to remove the action to this Court in case numbers CV 14-2314 and CV 14-3297, only to have the case remanded to state court as improperly-removed. The result will be no different this time.

Simply stated, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Here, defendant has asserted federal question jurisdiction as his basis for removal, but the unlawful detainer action to be removed does not actually raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441; *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ("the question for removal jurisdiction must . . . be determined by reference to the 'well-pleaded complaint'").

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Long Beach District, 275 Magnolia Avenue, Long Beach, CA 90802, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

DATED: 5/29/14

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

Sheri Pym
United States Magistrate Judge